(63 App. Div. 16.)

VEINSTOK v. VEINSTOK.

(Supreme Court, Appellate Division, First Department. July 9, 1901.)

TRIAL—ORDER FOR PREFERENCE—NOTICE—SUFFICIENCY.

 A cause on the general special term calendar cannot be put on the day calendar for trial until 14 days' notice is given by the party making the motion for a preference.

Appeal from special term, New York county.

Action by Rashella Veinstok against Moritz Veinstok. From an order granting defendant a preference, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and PATTERSON, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

George J. Gruenberg, for appellant.

E. I. Yuells, for respondent.

PATTERSON, J. This order should be reversed. By it is granted a preference to the defendant in the trial of the cause upon the ground that he was in actual custody and enduring imprisonment under an order of arrest issued in the action, and was unable to give bail. The preference was seemingly granted in accordance with rule 36 of the general rules of practice. The application was made upon an affidavit, and upon what was claimed to be a notice of trial, and it was to have the cause "set down for trial at an early day," it being upon the general special term calendar of the court. The order provides that the cause be set down for trial for June 11, 1901, and the clerk of the court was directed to put it upon the day calendar for trial upon that day. Issue was joined in the cause on May 7, 1901. On June 1st, the defendant served a notice of trial, dated that day, for the June term, to begin on the 1st Monday of June (the 3d). No other notice of trial was served, and it does not appear that there was ever any consent given to have the cause placed on the calendar for any particular date. The notice of trial served by the defendant was promptly returned by the plaintiff's attorney, who refused to accept it on the ground that it was insufficient notice. It plainly appears that 14 days' notice of trial was not given. The plaintiff was entitled to that notice. The cause could not be put upon the day calendar for trial until such notice, peremptorily required by the Code of Civil Procedure, was given, and until it was upon the general calendar.

There was no authority in the court below to make the order appealed from, and it should be reversed, with $10 costs and disbursements, and the motion to put the cause on the day calendar should be denied, with $10 costs. All concur.